IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMODORE JACKSON, )<br>#20170218, )<br>   )<br>   Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>CINDY R. SVANDA,   )<br>JACKSON COUNTY CLERK OFFICE,   )<br>JACKSON COUNTY,   )<br>JACKSON CNTY. PUBLIC   )<br>DEFENDER'S OFFICE,   )<br>COURTNEY JAKOBSON.   )<br>   )<br>   Defendants.   ) | Case No. 22-cv-230-DWD |

## **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Commodore Jackson filed a timely amended complaint concerning issues surrounding his criminal prosecution in state court. (Doc. 9). Plaintiff's earlier complaint was dismissed for failure to state a claim. (Doc. 7). His amended complaint contains wholly new and distinct allegations. Plaintiff seeks compensatory and punitive damages.

Plaintiff's Amended Complaint (Doc. 9) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1]  Under Section 1915A, the Court is required to

---

[1] When Plaintiff filed his complaint, he was in county jail, it now appears that he is at Menard Correctional Center. Section 1915A applies to any person "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915A(c). Even if Plaintiff does not fall into any of these categories, his complaint would still be subject to initial review for failure to state a claim under 28 U.S.C. § 1915(e) because he has applied to proceed *in forma pauperis*.

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i-iii). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint and Amended Complaint

In the original complaint, Plaintiff alleged that on November 4-5, 2021, his rights were violated when the Carbondale Police failed to protect him from an individual who stalked and chased him into a dark alley and engaged him in a fight. (Doc. 1 at 2). Plaintiff alleges that as a result of the fight he was arrested, in violation of his Fourth and Fourteenth Amendment rights. He further alleges that the Carbondale Police and Defendant Tribble violated his rights by failing to provide him with exculpatory video evidence, and by altering video footage. (*Id.* at 3). The Court dismissed the complaint because Plaintiff's state court proceedings were ongoing, any effort to undermine an outcome of those proceedings would likely be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and he otherwise failed to state claims against the remaining defendants.

In the amended complaint, Plaintiff entirely shifts course to focus his allegations on state employees that participated in his criminal prosecution in state court. Plaintiff focuses the bulk of his allegations on Defendant Cindy Svanda, the Jackson County Circuit Clerk, whom he alleges violated his Sixth Amendment right to gather witnesses

on his behalf when she failed to mail a subpoena for video evidence in a timely fashion. As a result of her delay, Plaintiff alleges that the bar that had video evidence deleted the tapes. Plaintiff alleges that without the videos, he had no evidence on his behalf and he was convicted. (Doc. 9 at 9-10). Plaintiff raises claims against Svanda in her official and individual capacity for her "ministerial" actions. He argues that he has claims under the Sixth Amendment, the Fourteenth Amendment, the Equal Protection clause, and the Americans with Disabilities Act. (Doc. 9 at 15).

Plaintiff also alleges that Jackson County, the Jackson County Clerk's Office, and the Jackson County Public Defender's Office are liable for the actions of their agents who failed at ministerial duties related to his criminal prosecution. He adds that Defendant Courtney Jakobson (a public defender) retaliated against him because she knew or should have known about the problems with securing the video footage, and she used abusive language. (Doc. 9 at 17-18).

Plaintiff seeks 1.5 million dollars.

## Analysis

Plaintiff's amended complaint fails to state a claim for several reasons. First, to the extent that Plaintiff names the county or county entities as defendants, he would be required to identify a harmful custom, policy or practice maintained by these entities that violated his constitutional rights. *See Monell v. Dep't of Social Serv. Of the City of New York*, 436 U.S. 658 (1978); *Jones v. York*, 34 F.4th 550, 558 (7th Cir. May 16, 2022) (if individual employees are not liable, then the county is not liable under *Monell* because plaintiff did not suffer a constitutional injury attributable to a custom or policy). Plaintiff does not

identify a particular policy or custom, and, as explained below, he has not stated a valid claim against county or state employees. Thus, he has not stated a valid claim against Jackson County, the Jackson County Clerk's Office or the Jackson County Public Defender's Office.

Next, as to Plaintiff's claims against Defendants Svanda and Jakobson, the claims cannot proceed to the extent Plaintiff is attempting to undermine his conviction in state court. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not directly challenge his conviction, but he implies such a challenge by arguing that he was only convicted because he was unable to present video tape evidence that he sought from these parties. It is possible that Plaintiff could still raise this issue in state court either on direct appeal or via postconviction relief—these two avenues of relief would need to be pursued successfully before Plaintiff seeks monetary relief in federal court.

Additionally, these two individual defendants have immunities concerning their work. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," so public defenders are not generally subject to suit under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, Plaintiff cannot maintain a claim under § 1983 against Jakobson. As to Svanda, a clerk of court generally has quasi-judicial immunity when "performing ministerial acts under a judge's supervision and intimately related to judicial proceedings." *Schneider v. Cnty. Of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010). Plaintiff explicitly alleges that Svanda was performing ministerial acts, so she is also immune from suit.

Finally, Plaintiff mentions the Americans With Disabilities Act, but he makes no accompanying factual allegations, so he has failed to state a claim premised on a disability.

For all of the foregoing reasons, the Court concludes that Plaintiff has failed to state a viable claim in his amended complaint. As noted earlier, Plaintiff completely shifted the scope of his lawsuit from the original to the amended complaint, but this second rendition exemplifies similar problems. Plaintiff is attempting to find ways to use federal litigation to undermine the outcome of state court proceedings. This sort of tactic is not permissible and will not form the basis for any sufficient claim. Accordingly, Plaintiff will not be given another chance to file an amended pleading. The pending motion to file an amended complaint (Doc. 8), the motion for litigation history (Doc. 11), and the motion for status (Doc. 14) are **DENIED** as **MOOT** in light of the dismissal of this case. This case is **DISMISSED** for failure to state a claim. The Clerk of Court is **DIRECTED** to enter judgment consistent with this order and to close this case.

**IT IS SO ORDERED.**

Dated: June 17, 2022

DAVID W. DUGAN  
United States District Judge